IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUG FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-1015-D |
| ) | |
| JUSTICE ALMA WILSON SEEWORTH ) | |
| ACADEMY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendant Mongo Allen's Motion for Summary Judgment [Doc. No. 32].[1] Defendant seeks a judgment as a matter of law under Fed. R. Civ. P. 56 regarding claims asserted against him of racial discrimination and retaliation in violation of 42 U.S.C. § 1981, and a pendant state law claim for tortious interference with contractual or economic relations.[2] Alternatively, Defendant also seeks a summary determination that Plaintiff cannot recover punitive damages on any claim against him. Plaintiff has responded in opposition to the Motion, and Defendant has filed a reply brief. The Motion is thus at issue.

**A.     Standard of Decision**

Summary judgment is proper under Rule 56 "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

---

[1] Defendant Justice Alma Wilson Seeworth Academy's Motion for Summary Judgment [Doc. No. 33] is addressed by a separate order. For purposes of this Order, all references to "Defendant" mean the movant, Mongo Allen.

[2] The Complaint asserts similar claims under § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and state tort law against Plaintiff's employer, Justice Alma Wilson Seeworth Academy. However, Plaintiff acknowledges that Mr. Allen cannot be held liable under Title VII or Oklahoma wrongful discharge law. *See* Compl. [Doc. 1], ¶ 29. Also, the Complaint refers to a claim of age discrimination, but Plaintiff has stated in his summary judgment response brief that he "is not pursuing an age claim and that claim may be deemed moot." *See* Pl.'s Resp. School's Mot. Summ. J. [Doc. 39] at 1 n.1.

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "'When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.'" *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002) (internal quotations omitted).

> As the moving parties, defendants shoulder the initial burden to show that there is an absence of evidence to support the nonmoving party's case. If defendants meet this burden, it falls to plaintiff to identify specific facts that show the existence of a genuine issue of material fact. The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor.

*Clinger v. New Mexico Highlands Univ.*, 215 F.3d 1162, 1165 (10th Cir. 2000) (internal quotations omitted); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

**B.  Statement of Material Facts**

Plaintiff, a Caucasian male, was employed as a teacher at Justice Alma Wilson Seeworth Academy, which is a charter school operating in Oklahoma County, Oklahoma. Under Oklahoma law, the school is treated like a school district and political subdivision for purposes of tort liability under the Governmental Tort Claims Act ("GTCA"). *See* Okla. Stat. tit. 51, § 152(10)(b); Okla. Stat. tit. 70, § 30136(13). Defendant, an African American male, was the school's principal during Plaintiff's employment. Plaintiff alleges in the Complaint that Defendant showed favoritism to African American employees and acted in a discriminatory manner toward Plaintiff by terminating his employment in October, 2007. Plaintiff allegedly reported Defendant's discriminatory treatment to the school's director and consequently was rehired on November 6, 2007. The Complaint alleges, and Plaintiff presents evidence to show, that Defendant fired Plaintiff a second time on February 8, 2008, for "disrespecting" him but later gave a false, pretextual reason that Plaintiff had violated

school policy by leaving work early without permission. However, Defendant states in his Motion, supported by his affidavit, that he was acting at all relevant times within the scope of his employment as principal and acting in good faith in the performance of his duties. Plaintiff denies that Defendant was acting in good faith and presents evidence to show that Defendant acted in a discriminatory and retaliatory manner.

**C.     Analysis**

**1.     Section 1981 Liability**

Both racial discrimination and retaliation for opposing racial discrimination are actionable under § 1981. *See CBOS West, Inc. v. Humphries*, 128 S. Ct. 1951 (2008) (recognizing retaliation claim). Personal liability may be imposed under § 1981 on an individual supervisor or manager who is personally involved in an employee's discriminatory or retaliatory termination, even though the individual did not have final decision-making authority. Personal involvement sufficient for § 1981 liability may be shown by evidence of a causal connection between an individual's recommendation that an employee be terminated and the termination decision. *See Wulf v. City of Wichita*, 883 F.2d 842, 864 (10th Cir. 1989); *Sayre v. St. Vrain Valley School Dist.*, 785 F.2d 862, 868 (10th Cir. 1986); *see also Allen v. Denver Public School Bd.,* 928 F.2d 978, 983 (10th Cir. 1991), *overruled on other grounds*, *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1228 (10th Cir.2000) (personal liability under section 1981 requires "some affirmative link to causally connect the actor with the discriminatory action").

Defendant seeks summary judgment on all claims asserted against him under § 1981 based on the defense of qualified immunity. In response, Plaintiff asserts, first, that Defendant did not plead this affirmative defense in his Answer and, second, that Defendant has failed to demonstrate he is entitled to qualified immunity from suit under the alleged circumstances.

3

Plaintiff is correct that qualified immunity is an affirmative defense that should have been, but was not, stated in Defendant's Answer. However, the court of appeals has held that an affirmative defense is not necessarily waived by failure to plead it in an answer and should be considered if it is timely raised by a motion for summary judgment and if the plaintiff will not be prejudiced by constructive amendment of the answer. *See Ahmad v. Furlong*, 435 F.3d 1196, 1204 (10th Cir. 2006). In this case, Defendant has timely raised the defense of qualified immunity in his Motion. In response to the Motion, Plaintiff has opposed this defense on the merits, as well as objecting to the defense as waived. Therefore, Plaintiff will not be prejudiced by the Court's consideration of the defense.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When the doctrine is claimed by a defendant, a court must undertake a two-part inquiry:

> First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.

*Id.* at 815-16 (citations omitted); *see Saucier v. Katz*, 533 U.S. 194, 201 (2001). "To be clearly established, the contours of a right must be 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). "[T]here need not be precise factual correspondence between earlier cases and the case at hand, because 'general statements of the law are not inherently incapable of giving fair and clear warning . . . .'" *Id.* at 913-14 (quoting *Hope*, 536

4

U.S. at 741).  To show that a legal right is clearly established, a plaintiff may demonstrate "by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Id*. at 914; *see Smith v. Cochran*, 339 F.3d 1205, 1215 (10th Cir. 2003).

In this case, Plaintiff has presented sufficient, properly supported facts to demonstrate that Defendant engaged in employment discrimination against Plaintiff based on his race and retaliated against Plaintiff for his opposition to racial discrimination, when the facts and reasonable inferences are viewed in Plaintiff's favor as required by Rule 56.  Further, the law is clearly established that racial discrimination in public employment, including reverse discrimination, is prohibited by the Constitution and § 1981.  *See Ramirez v. Department of Corr.*, 222 F.3d 1238, 1244 (10th Cir. 2000) (citing cases regarding racial discrimination and retaliation in employment); *Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1534 (10th Cir. 1995) (reverse discrimination claim).  Therefore, Defendant is not entitled to summary judgment based on a defense of qualified immunity.

### 2. State Law Tort Claim

Defendant claims immunity from tort liability under GTCA because he was acting within the scope of his employment as principal in his dealings with Plaintiff.  By definition, however, for an individual employed by a political subdivision to act within the "scope of employment" means the "performance by an employee acting in good faith within the duties of the employee's office or employment . . . ."  *See* Okla. Stat. tit. 51, § 152(11).  The tort claim asserted against Defendant in this case – tortious interference with contractual relations – includes as an essential element that the interference was wrongful and malicious.  *See Mac Adjustment, Inc. v. Property Loss Research Bureau*, 595 P.2d 427, 428 (Okla. 1979).  Thus, if Plaintiff succeeds in proving the substance of his tort claim, which is not addressed by Defendant's Motion, then Defendant will not be immune from

tort liability. *See Fehring v. State Ins. Fund*, 19 P.3d 276, 283 (Okla. 2001); *see also Tanique, Inc. v. State ex rel. Oklahoma Bureau of Narcotics and Dangerous Drugs*, 99 P.3d 1209, 1218 (Okla. Civ. App. 2004). Further, mindful of the standard of Rule 56, the Court finds that reasonable minds could differ on the issue of whether Defendant was acting in good faith regarding the termination of Plaintiff's employment in February, 2008. Plaintiff has demonstrated a genuine dispute of material facts that prevents a determination as a matter of law that Defendant is immune from tort liability. Therefore, Defendant is not entitled to a summary judgment on Plaintiff's tortious interference claim against him.

### 3. Punitive Damages

Defendant asserts, based on legal authority from another jurisdiction, that an employee of a school district is immune from punitive damages under § 1981. However, under appropriate circumstances, punitive damages are available against individual defendants under federal civil rights statutes. *See Youren v. Tintic School Dist.*, 343 F.3d 1296, 1308-09 (10th Cir. 2003); *see also Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1123 (10th Cir. 2004). The Court is aware of no special protection afforded to school district employees in this jurisdiction. Defendant also asserts that punitive damages are unavailable under GTCA. However, if Defendant is found to have been acting outside the scope of his employment for purposes of GTCA, then he is not protected by the its statutory requirements and limitations. *See Pellegrino v. State ex rel. Cameron University*, 63 P.3d 535, 540 (Okla. 2003). Therefore, the Court finds that Plaintiff is not entitled to a summary adjudication of the issue of punitive damages.

## **Conclusion**

For these reasons, Defendant Mongo Allen's Motion for Summary Judgment [Doc. No. 32] is DENIED.

IT IS SO ORDERED this 9th day of February, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE