IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DOUG FORD, )
)
        Plaintiff, )
)
v. ) Case No. CIV-08-1015-D
)
JUSTICE ALMA WILSON SEEWORTH )
ACADEMY, *et al.*, )
)
        Defendants. )

## **O R D E R**

Before the Court is Defendant Justice Alma Wilson Seeworth Academy's Motion for Summary Judgment [Doc. No. 33].[1] Defendant seeks a judgment as a matter of law pursuant to Fed. R. Civ. P. 56 on claims of racial discrimination under Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, and a pendent state law claim for breach of contract. Defendant also seeks a judgment on the pleadings under Fed. R. Civ. P. 12(c) of any retaliation claim asserted under Title VII or § 1981, and a state law tort claim of wrongful discharge in violation of public policy under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), and its progeny. Plaintiff has responded in opposition to the Motion, and Defendant has filed a reply brief. The Motion is thus at issue.

### **Rule 12(c) Motion**

**A.**    **Standard of Decision**

A Rule 12(c) motion is governed by the same standard as a motion for dismissal under Rule 12(b)(6). *See Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004).

---

[1] Defendant Mongo Allen's Motion for Summary Judgment [Doc. No. 32] will be addressed by a separate order. All references to "Defendant" in this Order mean the movant, Justice Alma Wilson Seeworth Academy.

Dismissal is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *see Iqbal*, 129 S. Ct. at 1949-50. The question to be decided is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007)); *see also Robbins*, 519 F.3d at 1249-50 (discussing the degree of specificity required to provide fair notice of a claim, as required by Rule 8(a), in context of civil rights action under 42 U.S.C. § 1983).

  **B.** **Plaintiff's Complaint**

As pertinent to the issues raised by the Rule 12(c) Motion – the sufficiency of the Complaint to state a retaliation claim and a *Burk* tort claim – Plaintiff's factual allegations are accepted as true and may be summarized as follows: Plaintiff is a Caucasian male. Defendant is a charter school operating in Oklahoma County, Oklahoma. Plaintiff worked for Defendant as a teacher and a coach at a time when the student body was predominately (approximately 95%) African American and the

2

principal was Defendant Mongo Allen, an African American. Mr. Allen showed favoritism to African American employees. In 2007, Mr. Allen demoted a Caucasian man from the position of head football coach to assistant coach, and replaced him with an African American man, Robert Walker. Plaintiff was also an assistant football coach. During a football game, Mr. Walker cursed and screamed at Plaintiff in front of the football players and fans, and ordered Plaintiff to leave the stadium. Plaintiff reported the incident to Mr. Allen, but no disciplinary action was taken. In September, 2007, Mr. Allen allegedly retaliated against Plaintiff for making a complaint against Mr. Walker by transferring Plaintiff to the position of head coach of girls basketball. Mr. Allen subsequently terminated Plaintiff's employment on October, 31, 2007, based on a claim that Plaintiff had used profanity toward a female basketball player. After his termination, Mr. Allen replaced Plaintiff as basketball coach with an African American man. Plaintiff reported Mr. Allen's alleged discriminatory treatment of him, compared to Mr. Walker, to Defendant's director, Janet Grigg.[2] Ms. Grigg reversed Mr. Allen's decision and rehired Plaintiff on November 6, 2007, but Plaintiff was not reinstated as a coach or paid for lost wages.

On February 8, 2008, Mr. Allen fired Plaintiff a second time for allegedly "disrespecting" him. *See* Compl. [Doc. 1], ¶ 17. The alleged act of disrespect was not explained, "and Plaintiff knows no other action that could be deemed disrespectful other than his prior complaint of discrimination." *Id*. During agency proceedings regarding Plaintiff's claim for unemployment compensation benefits, Mr. Allen allegedly gave a different, pretextual reason for firing Plaintiff and made a false accusation that Plaintiff had violated a work rule on February 8, 2008, by leaving the school premises without permission. On February 12, 2008, Plaintiff filed an EEOC charge

---

[2] The Complaint alleges the director's name was "Griggs" but the summary judgment record shows the correct name is "Grigg." Therefore, the Court utilizes the corrected spelling in this Order.

3

claiming discrimination based on race and age.³ The EEOC issued a notice of Plaintiff's right to sue on July 1, 2008. This suit was timely filed within 90 days after Plaintiff received the notice.

**C. Analysis**

**1. Retaliation Claim**

Retaliation against an employee for opposing racial discrimination is actionable under both Title VII and § 1981. *See CBOS West, Inc. v. Humphries*, 128 S. Ct. 1951 (2008) (§ 1981); 42 U.S.C. § 2000e-3(a). The court of appeals has stated the elements of a retaliation claim as follows:

> "To state a prima facie case of retaliation, [a plaintiff] must show that: (1) she engaged in a protected activity; (2) [the employer] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action."

*Carney v. City and County of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008) (quoting *Metzler v. Federal Home Loan Bank*, 464 F.3d 1164, 1171 (10th Cir.2006) (footnote omitted)).⁴ The first element, which is at issue here, is satisfied by showing the plaintiff "engaged in protected opposition to discrimination."⁵ *Kendrick v. Penske Transp. Serv., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000); *Roberts v. Roadway Exp., Inc.*, 149 F.3d 1098, 1103 (10th Cir. 1998). Protected conduct encompasses opposition based on a reasonable, although mistaken, good faith belief that the underlying conduct constituted racial discrimination. *See Crumpacker v. Kansas Dep't of Human Serv.*, 338 F.3d 1163, 1171 (10th Cir. 2003); *see also Love v. RE/MAX of America, Inc.*, 738 F.2d

---

³ Plaintiff states in his summary judgment response that he "is not pursuing an age claim and that claim may be deemed moot." *See* Pl.'s Resp. School's Mot. Summ. J. [Doc. 39] at 1 n.1.

⁴ These elements are identical under § 1981 and Title VII. *See Carney*, 534 F.3d at 1273; *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1513 (10th Cir. 1997).

⁵ Defendant also challenges the third element because "there was no protected opposition." *See* Def.'s Mot. Summ. J. [Doc. 33] at 25.

383, 385 (10th Cir. 1984) ("opposition activity is protected when it is based on a mistaken good faith belief that Title VII has been violated").

Here, the Complaint may fairly be read to allege that Plaintiff complained of racial discrimination to Ms. Grigg after Mr. Allen terminated Plaintiff's employment in 2007, that Plaintiff was rehired by Ms. Grigg, but that Plaintiff was terminated again by Mr. Allen within three months for "disrespect," which Plaintiff understood to mean making a complaint of racial discrimination. The Court finds these allegations to be sufficient to state a § 1981 retaliation claim. Under Title VII, however, "[e]xhaustion of administrative remedies is a jurisdictional prerequisite to suit." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). A failure to file an administrative charge is a jurisdictional bar. *Sizova v. National Inst. of Standards & Technology*, 282 F.3d 1320, 1325 (10th Cir. 2002). Because the Complaint states that Plaintiff alleged only race and age discrimination in his EEOC charge, the Complaint fails to allege a jurisdictional basis for a Title VII claim of retaliation.[6] Therefore, absent an amendment to the Complaint to allege administrative exhaustion of his retaliation claim, Plaintiff cannot pursue a Title VII claim of retaliation but must proceed solely under § 1981.

### 2. Public Policy Tort Claim

Regarding the public policy tort claim, Defendant argues both that Plaintiff has failed to state such a claim and that Defendant, as a political subdivision, is immune from tort liability under the Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 152.1. The Court easily finds that the Complaint alleges a violation of Oklahoma's public policy against racial discrimination and

---

[6] Although Defendant does not seek dismissal of Plaintiff's Title VII retaliation claim on this basis, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

retaliation for opposing such discrimination. In addition to the factual allegations discussed above, the Complaint specifically references the state anti-discrimination statutes, Okla. Stat. tit. 25, § 1101 *et seq.*, and decisional law, including *Burk* and *Saint v. Data Exchange, Inc.*, 145 P.3d 1037 (Okla. 2006). Regarding Defendant's immunity from tort liability, this argument is not well developed in its brief. However, Oklahoma law provides, and Plaintiff admits, that a charter school is considered to be a school district and, thus, a political subdivision covered by GTCA. *See* Okla. Stat. tit. 51, § 152(10)(b); Okla. Stat. tit. 70, § 30136(13). Plaintiff fails to allege compliance with GTCA's requirements regarding timely, written notice to a governmental entity of a tort claim, which is a jurisdictional prerequisite to a civil action under GTCA. *See Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996); *see also Burghart v. Corrections Corp.*, No. 106534, 2009 WL 3353461, *3 (Okla. Civ. App. Sept. 1, 2009) (to be published). Therefore, absent amendment of the Complaint to allege such compliance, Plaintiff cannot proceed on a public policy tort claim against Defendant.

Because the Court has raised these jurisdictional issues *sua sponte*, Plaintiff will be given an opportunity to amend his Complaint to cure the pleading deficiencies identified above prior to the dismissal of his Title VII retaliation claim and public policy tort claim against Defendant.[7]

### Rule 56 Motion

**A.  Standard of Decision**

Summary judgment is proper under Rule 56 "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "'When

---

[7] "[T]he GTCA requirements for notice to government entities does not apply to an action brought against an employee in his or her individual capacity." *Pellegrino v. State ex rel. Cameron University*, 63 P.3d 535, 540 (Okla. 2003). Thus, Plaintiff's tort claim against Mr. Allen, addressed by a separate order, is unaffected by this ruling.

applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.'" *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002) (internal quotations omitted).

> As the moving parties, defendants shoulder the initial burden to show that there is an absence of evidence to support the nonmoving party's case. If defendants meet this burden, it falls to plaintiff to identify specific facts that show the existence of a genuine issue of material fact. The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor.

*Clinger v. New Mexico Highlands Univ.*, 215 F.3d 1162, 1165 (10th Cir. 2000) (internal quotations omitted); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

### B. Statement of Undisputed Facts

The race of the individual parties and Defendant's status as a charter school are undisputed. At all relevant times, Mr. Allen was principal and Ms. Grigg was superintendent of Defendant. Mr. Allen interviewed Plaintiff for a teacher's position, and Plaintiff was hired, in August, 2006. Mr. Allen gave Plaintiff an "excellent" job performance evaluation in May, 2007, but indicated that Plaintiff needed to improve his interaction with students and have "no more accusations of verbal aggression." *See* Def.'s Mot. Summ. J. [Doc. 33] at 3-4, ¶ 16. During the spring semester of 2007, Plaintiff had been the subject of a complaint that he pushed and yelled at a student. In September, 2007, a student accused Plaintiff of calling the student "dumb." Plaintiff contends these incidents were investigated and found to be unsubstantiated. Also in September, 2007, there were alleged rule violations involving Plaintiff's failure to ride a student bus to a football game and taking students to the main building. Plaintiff attributes these alleged rule infractions to a miscommunication or misunderstanding, and states these incidents became issues only when he was terminated.

7

The incident involving Plaintiff and Mr. Walker occurred on October 8, 2007. Defendant describes it as a verbal altercation; Plaintiff states he was a victim of verbal abuse. On October 30, 2007, Plaintiff yelled at a female student while acting as the girl's basketball coach. Plaintiff admits his conduct was unprofessional and he should have acted differently in trying to motivate the student. Mr. Allen terminated Plaintiff's employment the same day for an alleged accumulation of incidents. At Plaintiff's request, a meeting involving Plaintiff, Mr. Allen and Ms. Grigg was held to discuss his discharge, and during the meeting, it was agreed that Plaintiff would be reinstated. The parties disagree whether Plaintiff's reinstatement was subject to the condition that he would be on probation until the end of the school year. Plaintiff was rehired on November 6, 2007.

Defendant presents evidence that a vice principal issued three memoranda to staff members reminding them that he must be notified before they left campus for meetings, training, or approved errands. Plaintiff does not deny receiving these reminders, but he presents evidence of a written policy that authorized teachers to leave campus 15 minutes after class and required notice of leaving campus "[d]uring the instructional day." *See* Pl.'s Resp., Ex. 25 [Doc. 39-9]. Plaintiff left campus about noon on February 8, 2008, to take a student to work. Plaintiff presents evidence to show that he had permission from his supervisor to leave and, alternatively, that he did not need any permission because his last class had ended at 11:30 a.m. Plaintiff was terminated the same day. The parties disagree whether Mr. Allen or Ms. Grigg made the termination decision and, if Ms. Grigg made the decision, whether it was based on Mr. Allen's recommendation or simply information he supplied.

### C. Defendant's Motion for Summary Judgment

Analyzing Plaintiff's claim under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), Defendant moves for summary judgment on

8

Plaintiff's claim of racial discrimination on the grounds that Plaintiff cannot establish a *prima facie* case and that Plaintiff lacks evidence to show Defendant's stated reason for the termination is pretextual. Regarding Plaintiff's breach of contract claim, Defendant contends Plaintiff cannot establish the existence of a contract of employment that prevented his termination.

1.  **Reverse Discrimination**

Defendant relies on legal principles governing reverse discrimination claims established in *Notari v. Denver Water Dep't*, 971 F.2d 585 (10th Cir. 1992), to argue that Plaintiff cannot establish a *prima facie* case of racial discrimination. The Tenth Circuit has repeatedly held that a *prima facie* case of reverse discrimination requires a heightened showing:

> [A] plaintiff alleging reverse discrimination "must, in lieu of showing that he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." Alternatively, a plaintiff may produce facts "sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred."

*Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006) (quoting *Notari*, 971 F.2d at 589-90); *see Adamson v. Multi Community Diversified Services, Inc.*, 514 F.3d 1136, 1141 (10th Cir. 2008); *Mattioda v. White*, 323 F.3d 1288, 1293 (10th Cir.2003). Plaintiff argues that he has presented evidence of sufficient background circumstances arising from the racial composition of the student body, the minority race of the alleged decision-maker (Mr. Allen), and evidence that Caucasian teachers were treated differently than African American ones. Ordinarily, relevant statistical evidence for the purpose of proving reverse discrimination would be the racial composition of the employer's workforce or the department in which the plaintiff worked. *See, e.g., Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1534-35 (10th Cir. 1995). However, under the circumstances of this case, the Court finds that Plaintiff has presented sufficient facts and evidence,

viewed most favorably to him as required by Rule 56, from which a reasonable inference of reverse discrimination could be drawn. Therefore, Defendant is not entitled to summary judgment on the basis of Plaintiff's failure to demonstrate a *prima facie* case of racial discrimination.

### 2. Satisfactory Performance

Defendant also contends that Plaintiff cannot establish a *prima facie* case because he lacks evidence that he was satisfactorily performing his job duties at the time of his termination. Defendant points to the numerous alleged instances in which Plaintiff violated school rules or acted unprofessionally as indicia that Plaintiff was not a satisfactory teacher. Plaintiff correctly argues, however, that the sort of unsatisfactory performance argued by Defendant does not disqualify him to be a teacher and, thus, does not affect his ability to establish a *prima facie* case. This Court must follow binding precedent of the court of appeals holding that "an employer may not defeat a plaintiff's prima facie case by asserting that the plaintiff failed to satisfy subjective qualifications." *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1192 (10th Cir. 2000) (citing *Burris v. United Tel. Co.*, 683 F.2d 339, 342 (10th Cir. 1982)). Rather, such qualifications "are more properly considered at the second stage of the *McDonnell Douglas* analysis." *Id.* at 1194. Because Defendant relies on the same alleged performance issues both to defeat Plaintiff's *prima facie* case and to establish a legitimate, nondiscriminatory reason for Plaintiff's termination, these issues are more properly considered in determining whether Plaintiff has made a sufficient showing that Defendant's articulated reasons for his termination are pretextual.

Plaintiff may establish pretext by showing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Id*. at 1198 (internal quotation omitted); *see also Jaramillo v. Colorado Judicial Dep't*, 427 F.3d 1303, 1308

(10th Cir. 2005). Upon review of the summary judgment record in this case, the Court finds that Plaintiff has carried his burden to demonstrate a genuine dispute of material facts regarding the credibility of Defendant's stated reasons for his termination – a history of performance issues and an unexcused absence from work. Mindful of the Rule 56 standard, the Court finds that reasonable minds could differ and that a genuine dispute of material facts precludes summary judgment on the issue of whether Plaintiff's unsatisfactory work performance was the real reason for his termination. Therefore, Defendants are not entitled to summary judgment on the basis of Plaintiff's inability to prove that Defendant's stated reason for his termination is a pretext for racial discrimination.

### 3. Breach of Contract

Defendant contends Plaintiff cannot establish his breach of contract claim because he lacks evidence of a contract, or facts that might establish an implied contract arising from Defendant's employee handbook, that altered the at-will employment relationship between the parties. In response, Plaintiff does not rely on the existence on an implied contract but, instead, alleges that Defendant's director, Ms. Grigg, acknowledged in her deposition the existence of a written contract, which Defendant has not produced. Plaintiff urges the Court to apply an evidentiary presumption that Defendant's "failure to produce a contract which it (not Plaintiff) is obligated to maintain is evidence that the contract (if produced) would [have] contradicted the School's arguments." *See* Pl's Resp. [Doc. 39] at 28 (citing *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1419 (10th Cir. 1987)).

Plaintiff cites federal case authority holding that an employer's destruction of personnel records, in violation of a regulation requiring certain employment records to be maintained during the pendency of a discrimination claim, entitled the plaintiff "to the benefit of a presumption that the destroyed documents would have bolstered her case." *Hicks*, 833 F.2d at 1419. However, under Oklahoma law, which governs Plaintiff's contract claim, "an adverse presumption that follows the

11

destruction or spoliation of evidence 'arises only in cases of willful destruction [or] suppression.'" *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 864 (10th Cir. 2005) (quoting *Beverly v. Wal-Mart Stores, Inc.*, 3 P.3d 163, 165 (Okla. Civ. App. 1999)). Plaintiff presents no fact or evidence to establish that Defendant willfully destroyed or withheld his contract from production. Moreover, Plaintiff presents no evidence to suggest the contract contained any particular terms. Plaintiff does not seek merely to bolster his case or gain the benefit of an evidentiary presumption; he wishes to proceed without any proof of a contract that was breached by the termination of his employment. "In Oklahoma, a presumption is merely a procedural tool for ordering proof, and does not constitute affirmative evidence." *Id*. at 863-64 (internal quotation omitted). Therefore, the Court finds that Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

## Conclusion

For these reasons, Defendant Justice Alma Wilson Seeworth Academy's Motion for Summary Judgment [Doc. No. 33] is GRANTED in part and DENIED in part. Defendant is entitled to summary judgment on Plaintiff's state law breach of contract claim; Plaintiff's claim of racial discrimination under Title VII and § 1981 remain for trial.[8] The motion for judgment on the pleadings, regarding claims of retaliation and wrongful discharge in violation of Oklahoma public policy, is DENIED subject to the condition that Plaintiff must allege a jurisdictional basis for a Title VII retaliation claim and a GTCA tort claim. Plaintiff may file an amended complaint within seven (7) days from the date of this Order, alleging that statutory preconditions to suit have been satisfied; otherwise, these claims will be dismissed for lack of jurisdiction. However, Plaintiff's

---

[8] Plaintiff has withdrawn his age discrimination claim. *See supra* note 3.

12

claim of retaliation under § 1981 remains for trial, regardless of whether the Title VII retaliation claim is dismissed.

IT IS SO ORDERED this 9th day of February, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE