IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DOUG FORD,                          )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )        Case No. CIV-08-1015-D
                                    )
JUSTICE ALMA WILSON SEEWORTH        )
ACADEMY, *et al.*,                  )
                                    )
                    Defendants.     )

# O R D E R

By Order of February 9, 2010 [Doc. No. 54], the Court ruled on dispositive motions filed by

Defendant Justice Alma Wilson Seeworth Academy. The Court denied a motion for judgment on

the pleadings under Fed. R. Civ. P. 12(c) regarding Plaintiff's claims of retaliation and wrongful

discharge in violation of Oklahoma public policy. However, the denial was "subject to the condition

that Plaintiff must allege a jurisdictional basis for a Title VII retaliation claim and a GTCA tort

claim" by filing an amended complaint "alleging that statutory preconditions to suit have been

satisfied." *See* Order at 12. Specifically, the Court found that the Complaint failed to allege

Plaintiff had filed an EEOC charge of retaliation or that he had complied with Oklahoma's

requirements for bringing a tort action against a political subdivision.

On February 16, 2010, Plaintiff timely filed his Amended Complaint. Although almost

identical to the Complaint, the Amended Complaint alleges that Plaintiff filed a timely EEOC charge

of discrimination and retaliation. A copy of the charge is submitted as Exhibit A to the Amended

Complaint, and shows that Plaintiff alleged both race discrimination and retaliation in his EEOC

charge. Therefore, the Court finds that Plaintiff's Title VII retaliation claim should not be

dismissed.

However, the Amended Complaint is silent concerning Plaintiff's compliance with the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 *et seq.* Plaintiff does not allege that he presented a written claim to Defendant, as required by § 156, or that the claim was denied before he filed suit, as required by § 157. Under the Act, no action "shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim." *Id.* § 157(B). These are jurisdictional prerequisites to a civil action governed by the Act. *See Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996); *see also Sisk v. J.B. Hunt Transport, Inc.*, 81 P.3d 55, 62-63 & n.1 (Okla. 2003) (failure to comply with the Act's filing requirements "deprives the court of jurisdiction"). Therefore, Plaintiff's tort claim against Defendant Justice Alma Wilson Seeworth Academy of wrongful discharge in violation of public policy under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), must be dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff's public policy tort claim against Defendant Justice Alma Wilson Seeworth Academy is DISMISSED for lack of jurisdiction.[1]

IT IS SO ORDERED this 26th day of February, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Under the Court's Orders of February 9, 2010 [Doc. Nos. 53 & 54], the following claims remain for trial: Plaintiff's claims against Defendant Justice Alma Wilson Seeworth Academy of racial discrimination and retaliation under Title VII and 42 U.S.C. § 1981; and Plaintiff's claims against Defendant Mongo Allen of racial discrimination and retaliation under 42 U.S.C. § 1981, and tortious interference with economic relations.